GLD-263                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2748
_____

KORAN CAIN,
                                                Appellant

v.

DEPARTMENT OF PUBLIC WELFARE, OFFICE OF THE SECRETARY
RECONSIDERATION UNIT; DEVON D. GRANT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 11-cv-03960)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 11, 2011

Before:  AMBRO, CHAGARES AND COWEN, Circuit Judges

(Opinion filed August 18, 201)
_____

OPINION
_____

PER CURIAM

        In June 2011, Koran Cain file a complaint alleging that his constitutional rights

were violated in 2006 when the Pennsylvania Department of Welfare and one of its

employees "wrongfully adjudicated" his application for benefits.  The District Court sua

sponte dismissed the matter under 28 U.S.C. § 1915(e), holding that Cain's claims were barred by the applicable statute of limitations. Cain appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the dismissal of Cain's claims. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). The District Court did not err in dismissing the complaint under 28 U.S.C. § 1915(e) for failure to state a claim on which relief can be granted because it was apparent from the face of the complaint that the claims were time-barred. If the allegations, taken as true, show that relief is barred by the applicable statute of limitations, a complaint is subject to dismissal for failure to state a claim. See Jones v. Bock, 549 U.S. 199, 215 (2007); see also, e.g., Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978). The running of the statute of limitations is an affirmative defense. See Fed. R. Civ. P. 8(c). Where that defense is obvious from the face of the complaint and no development of the record is necessary, however, a court may dismiss a time-barred complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. See, e.g., Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006).

When considering a civil rights claim, federal courts apply the relevant state's statute of limitations for personal injury actions. Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000). For civil rights actions originating in Pennsylvania, a two-year statute of limitations applies. Id.; 42 Pa. Cons. Stat. § 5524. According to Cain, the events giving rise to his claims occurred in March 2006. Accordingly, Cain's complaint, filed in June 2011, was barred by the applicable statute of limitations. The District Court was entitled

to reach the limitations question because it was obvious from the complaint and required no factual development.  See Fogle, 435 F.3d at 1258.

Accordingly, we will summarily affirm the District Court's judgment.